IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DESIGN IDEAS, LTD., an Illinois Corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | NO. 15-3093<br>)<br>) |
| MEIJER, INC., a Michigan Corporation, WHITMOR, INC., a Delaware Corporation, and THE TJX COMPANIES, INC., a Delaware Corporation, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

This is an action wherein the Plaintiff has filed claims asserting copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., unfair competition under the U.S. Trademark Act, 15 U.S.C. §§ 1051, et seq. and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 et seq. The Complaint also includes state law claims asserting unfair competition, violations of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2 and Illinois Consumer Fraud and Deceptive

Business Practices Act, 815 ILCS 505/2.  Pending before the Court are the Plaintiff's Motion to enjoin the Defendants from prosecuting this action in the United States District Court for the Western District of Michigan and the Defendants' Motion to dismiss, stay or transfer the Plaintiff's claims to the Western District of Michigan.

I.

The Plaintiff's Complaint in this case was filed on March 19, 2015. According to the Complaint, Plaintiff Design Ideas is engaged in the business of creating, manufacturing and distributing a range of unique decorative housewares, including those that incorporate original designs protected by copyright.  Defendant Meijer, Inc., does business online and through its brick-and-mortar stores throughout the Midwest, including in the Central District of Illinois.  Defendant Whitmor, Inc. sells its products to unrelated retailers, including T.J. Maxx, Marshalls, HomeGoods and Meijer through their brick-and-mortar stores throughout the United States, including some in the Central District of Illinois.  Defendant The TJX Companies, Inc. does business under the names "Marshalls," "T.J. Maxx,"

and "HomeGoods" via brick-and-mortar stores throughout the United States, including some in the Central District of Illinois.

On February 27, 2015, approximately three weeks before the Plaintiff filed its Complaint here, the Defendants in this case filed a declaratory judgment action against the Plaintiff in the Western District of Michigan. See Meijer, Inc., Whitmor, Inc., and The TJX Companies, Inc. v. Design Ideas, Ltd., Case Number 1:15-cv-00219-PLM. That case is assigned to Chief Judge Paul L. Maloney. In the action in the Western District of Michigan, the Defendants seek the following relief:

(A) Declaring that the use of the CANARY CLIPS mark does not violate any rights of Design Ideas under the Lanham Act or any other laws;
(B) Declaring the Canary Clips do not infringe any valid copyright owned by Design Ideas;
(C) Declaring Design Ideas' copyright registration No. VA 1-867-185 is invalid;
(D) Declaring the Defendants did not remove or alter any copyright management information from their Canary Clips or from Design Ideas' Sparrow Clips in violation of 17 U.S.C. § 1202;
(E) Declaring the Defendants did not otherwise violate the Copyright Act in any manner.

The Defendants claim that the Plaintiff's action is duplicative of the

3

Defendants' first-filed Michigan action and, for the convenience of the parties and witnesses, the Court should dismiss, stay or transfer this case. The Plaintiff asserts that Defendants' Michigan case is a bad-faith, anticipatory, parallel suit that is disfavored by the Seventh Circuit. Accordingly, the Plaintiff contends this Court should deny the Defendants' Motion and allow this case to proceed.

## II.

Design Ideas has a copyright registration for its clothes pin design sold under the mark SPARROW CLIPS. Design Ideas began offering the design for sale nationwide in 2009, using the SPARROW CLIPS trademark. Defendant Whitmor ordered clothes pins from a Chinese manufacturer under the mark CANARY CLIPS. Whitmor manufactured and sold Canary Clips to other Defendants.

In 2014, Design Ideas purchased Canary Clips from the T.J. Maxx store at 2801 Veterans Parkway in Springfield, Illinois, and the Meijer store at 4200 Conestoga Drive in Springfield, Illinois. Subsequently, Design Ideas sent "cease and desist" letters to the Defendants. In the ensuing

4

months, the parties engaged in communications purportedly to amicably resolve the dispute.

Attached to the Plaintiff's memorandum in support of its motion to enjoin the Defendants from prosecuting the action in the Western District of Michigan is the Declaration of Andy Van Meter, the President of Design Ideas. Mr. Van Meter states that on February 26, 2015, he was contacted by Shawn Sinicrope, Meijer's Vice President of Merchandising, Indoor/Outdoor Home, who requested a face-to-face meeting. Mr. Sinicrope stated it was his policy not to do business with suppliers who sued his company and Meijer could be terminating $2.5 million worth of business if Design Ideas persisted. Mr. Van Meter states he did not understand the statement because he believed they were in settlement negotiations.

Mr. Van Meter cut short a business trip in Milan, Italy and traveled to Grand Rapids, Michigan to meet with Mr. Sinicrope. The meeting was scheduled for March 5, 2015. Mr. Van Meter states that, during the telephone conversation, Mr. Sinicrope did not mention that a lawsuit

(which would be filed the next day) was imminent.

In addition to Mr. Sinicrope, Mr. Van Meter met with Amanda McVay, Meijer's Divisional Merchandise Manager, Hard Home. Mr. Van Meter reiterated that Design Ideas preferred to settle the matter. Additionally, he informed the Meijer officials that Whitmor's settlement offer was so low that it could not be taken seriously. Mr. Sinicrope reminded Mr. Van Meter of the value of Meijer's business to Design Ideas and stated that the business relationship was at risk.

According to Mr. Van Meter, Mr. Sinicrope then informed him for the first time that Whitmor had filed a lawsuit against Design Ideas. He did not mention that Meijer and TJX were also plaintiffs in the lawsuit. Although Mr. Sinicrope apparently believed that Design Ideas had filed a lawsuit against Meijer, Mr. Van Meter assured him that was not the case.

Mr. Van Meter states that he showed Mr. Sinicrope a timeline prepared by Design Ideas's attorney in advance of the meeting. He told Mr. Sinicrope he thought the parties were still conducting informal discovery in furtherance of settlement. The brief meeting concluded

6

without any settlement offer.

According to Mr. Van Meter, he traveled from Milan, Italy to Grand Rapids, Michigan at Meijer's request in the hope of resolving the parties' dispute. The meeting lasted 30 minutes and concluded with Mr. Van Meter urging the Meijer officials to revisit the matter with their own lawyers.

The attorney for Design Ideas, Garfield B. Goodrum, submitted a Declaration, which discusses the chronology of events related to this litigation. Mr. Goodrum states that he had settlement communications with Whitmor's counsel on March 2, 2015–after Whitmor had filed suit in the Western District of Michigan. However, counsel did not inform Mr. Goodrum that the declaratory judgment action had been filed. Based on the correspondence from Whitmor's counsel, Mr. Goodrum reasonably believed the parties were engaged in settlement negotiations. The Defendants contend that Plaintiff never provided an explanation as to how it calculated the Defendants' profits. Following his meeting with Meijer officials, Mr. Van Meter informed Mr. Goodrum that Defendants had filed

suit.

In their response to the Plaintiff's motion, the Defendants do not dispute the accounts of Mr. Van Meter or Mr. Goodrum, except to say, "Through self-serving affidavits, DI attempts to paint a vast conspiracy by Defendants to ruin the travel plans of DI's president and race to the courthouse to catch them off guard. There was no conspiracy or race to the courthouse." See Doc. No. 10, at 8. They do not include an affidavit or declaration responding to the statements of Mr. Van Meter or Mr. Goodrum.

Of course, there is nothing unusual about a party (or attorney) submitting an affidavit that is "self-serving." Accordingly, an otherwise admissible affidavit should not be rejected because it is "self-serving." See Widmar v. Sun Chemical Corp., 772 F.3d 457, 460 (7th Cir. 2014); Hill v. Tangherlini, 724 F.3d 965, 967-68 n.1 (7th Cir. 2013). Regardless of whether the Defendants intended to ruin Mr. Van Meter's travel plans or catch the Plaintiff off guard in a race to the courthouse, the Defendants do not dispute the substantive statements in either Declaration.

8

III.

More than half a century ago, the United States Court of Appeals for the Seventh Circuit stated the general rule that if two lawsuits are pending in different courts which involve identical issues and are between the same parties, the "party filing later in time should be enjoined from further prosecution of his suit." See Martin v. Graybar Electric Co., 266 F.2d 202, 204 (7th Cir. 1959).

The rule announced in Graybar Electric is not a rigid requirement. Additionally, this case is not analogous to Graybar Electric. Here, the first-filed case (by the Defendants) in the Western District of Michigan seeks declaratory relief. The Plaintiff seeks coercive relief in this action. In Graybar Electric, the first-filed case sought coercive relief and the subsequent action was for a declaratory judgment. See Graybar Electric, 266 F.2d at 203. As the Seventh Circuit stated in Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc., 626 F.3d 973 (7th Cir. 2010), the nature of the type of relief sought is important:

> Since Graybar Electric, we have made clear that where the facts of that case are replicated–that is, where the parallel cases

> involve a declaratory judgment action and a mirror-image action seeking coercive relief–we ordinarily give priority to the coercive action, regardless of which case was filed first. In those cases, we have repeatedly taught that this circuit does not rigidly adhere to a first-to-file rule.

Id. at 980 (citations omitted). The court further noted that the practice of filing a lawsuit in anticipation of an impending suit by the opposing party "exacerbates the risk of wasteful litigation" and, in such circumstances, it may be appropriate to depart from the first-to-file rule. See id.

The Seventh Circuit has never announced an inflexible rule that the first filing controls. See id. Although such a rule would be certain and easy to apply, it would encourage a race to the courthouse, which is not desirable. See id. Given these competing interests, the court has stated that the intent of such a rule is that "the first-filed case may proceed where the principles that govern requests for transfer do not indicate otherwise." Id.

Accordingly, "there is 'no precise rule' for resolving the problem created by mirror-image lawsuits in two different federal courts." Id. at 982 (quoting Colorado River Water Conservation District v. United States, 424

U.S. 800, 817 (1976)). The Seventh Circuit held, therefore, that when a "district court faces one of two identical lawsuits and one party moves to transfer to the other forum, the court should do no more than consider the order in which the suits were filed among the factors it evaluates under 28 U.S.C. § 1404(a)." Id.

Section 1404(a) specifies factors to be considered, stating, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Although the convenience of the parties and witnesses do not strongly favor either venue, the Court finds that this district is a more appropriate forum than the Western District of Michigan. The Plaintiff's principal place of business is in the Central District of Illinois. Although each of the Defendants conducts business in the Central District of Illinois, their principal places of business are elsewhere. It was in the Central District of Illinois that Plaintiff discovered the alleged infringing products being sold

by Defendants Meijer and TJX. Most of the Plaintiff's witnesses are in Illinois. Most of Meijer's witnesses are located in Michigan. The other Defendants intend to call witnesses primarily from their home districts–neither the Western District of Michigan nor the Central District of Illinois. The Plaintiff's Complaint includes Illinois state law claims. The creator of the work at issue is located in Thailand.

The Court has reviewed the Public Access to Court Electronic Records docket report for the declaratory judgment action pending in the Western District of Michigan. See Meijer, Inc., et al. v. Design Ideas, Ltd., Case Number 1:15-cv-00219-PLM. On April 27, 2015, Design Ideas filed a motion to dismiss, stay or transfer to the Central District of Illinois. See Doc. No. 11. The Defendants responded to the motion on May 28, 2015. See Doc. No. 13. Because similar motions are pending in both districts, therefore, the interest of judicial economy does not strongly favor proceeding in one district over the other.

In considering the factors under § 1404(a), the Court concludes that the interests of justice favor the Central District of Illinois as the

appropriate venue.  The fact that Defendants filed first in another district is entitled to little weight because, when there are parallel cases such as these, it is generally appropriate to give priority to the coercive action.  See Research Automation, 676 F.3d at 980.  Additionally, based on the Declarations of Andy Van Meter and Garfield B. Goodrum, there is a strong suggestion that Defendants filed the action in Michigan in anticipation of the Plaintiff filing suit, which is another reason to depart from the first-to-file rule.  See id.  Accordingly, the Court declines to transfer this action to the Western District of Michigan.

Significantly, the statements in the declarations are not contested by the Defendants.  It is certainly possible to infer bad faith on the part of one or more Defendants.  Accordingly, the interests of justice do not favor this action proceeding in the Defendants' chosen forum.

Ergo, the Motion of Plaintiff Design Ideas, Ltd. to enjoin the Defendants from prosecuting this action in the Western District of Michigan [d/e 5] is ALLOWED.

Defendants Meijer, Inc, The TJX Companies, Inc., and Whitmor, Inc.

are enjoined from prosecuting this action in the Western District of Michigan.

The Court concludes that a security bond is not necessary in this case and, therefore, declines to order the Plaintiff to post a bond under Rule 65(c). See Scherr v. Volpe, 466 F.2d 1027, 1035 (7th Cir. 1972).

The Motion of Defendants Meijer, Inc., Whitmor, Inc., and The TJX Companies, Inc. to Dismiss, Stay or Transfer to the Western District of Michigan [d/e 9] is DENIED.

This action is referred to United States Magistrate Judge Jonathan Hawley for the purpose of entering a scheduling order.

The Clerk will forward a copy of this Opinion and Order to the United States District Court for the Western District of Michigan, Southern Division.

ENTER: June 1, 2015

    FOR THE COURT:

                                      s/Richard Mills
                                      Richard Mills
                                      United States District Judge