E-FILED
Tuesday, 10 May, 2016  02:43:51 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **DESIGN IDEAS, LTD., an Illinois Corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 15-cv-03093** |
| | ) | |
| **MEIJER, INC., a Michigan Corporation; WHITMOR, INC., a Delaware corporation; and THE TJX COMPANIES, INC., a Delaware corporation,** | ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant Meijer, Inc.'s Partial Motion to Dismiss First Amended Complaint (d/e 46). Meijer seeks to dismiss Counts II, VI, and X.

The Motion is GRANTED IN PART and DENIED IN PART. Counts II and VI are dismissed as barred by the statute of limitations. However, the motion to dismiss Count X is denied without prejudice.

# I. INTRODUCTION

Plaintiff originally filed suit in March 2015.  On November 10, 2015, Plaintiff filed a First Amended Complaint against Defendants Meijer, Inc. (Meijer), Whitmor, Inc. (Whitmor), and The TJX Companies, Inc. (TJX).  Plaintiff's Complaint consists of nine counts[1] alleging numerous causes of action, including copyright infringement under the Copyright Act of 1976, federal unfair competition under the U.S. Trademark Act, violation of the Digital Millennium Copyright Act, common law unfair competition, violations of the Illinois Consumer Fraud and Deceptive Practices Act, and breach of contract.  See First Am. Compl. ¶ 1 (d/e 42).

On November 24, 2015, Meijer filed a Partial Motion to Dismiss First Amended Complaint (d/e 46).[2]  Meijer moves to dismiss Counts II (copyright infringement) and Count VI (violation of the Digital Millennium Copyright Act) as time barred and barred by the release contained in the parties' 2007 Settlement

---

[1] The First Amended Complaint contains Counts I through IV and Counts VI through X.  It does not contain a Count V.

[2] On December 1, 2015, Meijer filed an Answer to the remaining counts.  See Answer (d/e 47).

Agreement.  Meijer moves to dismiss Count X (breach of the
Settlement Agreement) as preempted by the Copyright Act.

## II. FACTS ALLEGED IN THE COMPLAINT

As is relevant to Meijer's Motion to Dismiss, Plaintiff's First
Amended Complaint contains the following allegations.

In 2007, Plaintiff sued Meijer for design patent and trademark
infringement of certain metal mesh desk accessories.  First. Am.
Compl. ¶ 9; ¶ 13 (citing Central District of Illinois Case No. 07-
03107).  Plaintiff alleged that Meijer began "sourcing knock-offs" of
Plaintiff's mesh products and importing infringing goods into the
United States for sale.  Id. ¶ 12.  On October 2, 2007, Plaintiff and
Meijer entered into a confidential Settlement Agreement.  Id. ¶ 13.

Around the time of the 2007 settlement, Plaintiff became
aware that Meijer was selling identical copies of Plaintiff's
decorative magnets (DOODLES magnets).  Id. ¶ 14; see also ¶ 52
(describing Plaintiff's "original and copyrighted DOODLES
decorative magnet designs and its Boho packaging").  Plaintiff did
not pursue ligation on Meijer's "knock-offs" of Plaintiff's DOODLES
magnets.  Id. ¶ 18.  The Settlement Agreement, however, addressed
the potential claims relating to Plaintiff's DOODLES magnets.  See

Am. Compl., Exhibit P; see also Bogie v. Rosenberg, 705 F. 3d 603,

608 (7th Cir. 2013) (on a motion to dismiss under Rule 12(b)(6),

the court can consider exhibits attached to the complaint);

Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an

exhibit to a pleading is part of the pleading for all purposes").

> In particular, Meijer agreed that:
>
> > it will not purchase, order, create, manufacture, sell or distribute any other goods identical or substantially the same as Design Ideas' (i) Mesh Products, (ii) DOODLES magnets, or (iii) containing any Design Ideas intellectual property, or (iv) use any Design Ideas intellectual property, the MESH TRADE DRESS or the STEPSORTER mark, except as provided herein.

Id. ¶ 2(b).  The Settlement Agreement also contained a Mutual

Release, which provides in party as follows:

> (a) As to Meijer.  By Design Ideas' execution of this Agreement, and considered upon Meijer's full and truthful representations and warranties contained herein, as well as Meijer's full performance, including final payment for the purchase transactions required by this Agreement, Design Ideas shall be deemed to have executed the following release in favor of Meijer, precluding any litigation by or between it and Meijer for conduct concerning this matter that occurred prior to the date hereof: Design Ideas hereby remises, release, acquits, satisfies, and forever discharges Meijer hereto, of and from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements,

promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which Design Ideas ever had, now has, or which any personal representative, successor, heir or assign of said party, hereafter can, shall, or may have, against Meijer, for, upon, or by reason of Meijer's ordering, acquisition, purchase, sale and/or distribution of the Mesh Products and DOODLES magnets in issue in this matter from the beginning of the world to the day of these presents.

Id. 3(a).

In 2008, Plaintiff acquired ownership of the design of certain decorative clips called SPARROW CLIPS and began offering the design for sale using the SPARROW CLIPS trademark.  First Am. Compl. ¶ 20 (also providing that the U.S. Copyright Office registered Plaintiff's copyright in the SPARROW CLIPS design on May 29, 2013); ¶23.  In May, August, and September 2012, Meijer ordered SPARROW CLIPS from Plaintiff.  Id. ¶¶ 33, 34.  Plaintiff alleges that, after Meijer terminated its purchase of SPARROW CLIPS from Plaintiff, Meijer began selling "knock-off versions" of Plaintiff's SPARROW CLIPS, called CANARY CLIPS.  Id. ¶¶ 38, 45.  Plaintiff alleges that the CANARY CLIPS sold by Meijer are essentially identical to Plaintiff's SPARROW CLIPS but deleted Plaintiff's  "copyright management information."  Id. ¶¶ 45, 47.

The First Amended Complaint raises copyright infringement and other claims related to the DOODLES magnets and the SPARROW CLIPS.  Regarding the SPARROW CLIPS, Plaintiff brings a copyright infringement claim against defendants Meijer, Whitmor, and TJX (Count I), an unfair competition claim against defendants Meijer, Whitmor, and TJX (Count III), a Digital Millennium Copyright Act claim against defendants Whitmor, Inc. and Meijer (Count IV), a common law unfair competition claim against defendants Meijer, Whitmor, and TJX (Count VII), an Illinois Deceptive Trade Practices Act claim against defendants Meijer, Whitmor, and TJX (Count VIII), and an Illinois Consumer Fraud and Deceptive Practices Act claim against Meijer, Whitmor, and TJX (Count IX).  Regarding the DOODLES magnets, Plaintiff brings a copyright infringement action against Meijer (Count II) and a Digital Millennium Copyright Act claim against Meijer (Count VI).  Plaintiff also brings a state law claim for breach of Settlement Agreement against Meijer (Count X).

## III. JURISDICTION

This Court has subject matter jurisdiction because Plaintiff's claims are based on federal law.  See 28 U.S.C. § 1331 ("The

district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  The Court has supplemental jurisdiction over the state law claims.  <u>See</u> 28 U.S.C. § 1367(a).

## IV. LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1081 (7th Cir. 2008). However, the complaint must set forth facts that plausibly demonstrate a claim for relief.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007).  Plausibility means the plaintiff has alleged facts that allow the court to reasonably infer that the defendant is liable for the misconduct alleged.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action.  <u>Id.</u>

"[C]omplaints do not have to anticipate affirmative defenses to survive a motion to dismiss."  <u>United States v. Lewis</u>, 411 F.3d

838, 842 (7th Cir. 2005); Hollander v. Brown, 457 F.3d 688, 691 n.1 (2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense").  Generally, the running of the statute of limitations is an affirmative defense.  Chi. Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 613 (7th Cir. 2014). Dismissal under Rule 12(b)(6) is appropriate, however, when the complaint contains sufficient facts to establish that the action is barred by an affirmative defense, "such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations."  Lewis, 411 F.3d at 842;  see also Hollander, 457 F.3d at 691 n.1 (noting that "dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense").

## V. ANALYSIS

Meijer moves to dismiss Counts II and VI as barred by the statute of limitations and barred by the release in the parties' Settlement Agreement and seeks Rule 11 sanctions.  Meijer also moves to dismiss Count X as preempted by the Copyright Act.

**A.      Counts II and VI Are Barred by the Statute of Limitations**

A civil action under the Copyright Act must be brought "within three years after the claim accrued."  17 U.S.C. § 507(b).  The three-year limitation applies to Plaintiff's copyright infringement claim (Count II) and Digital Millennium Copyright Act claim (Count VI).  See Goldman v. Healthcare Mgmt. Sys., Inc., 559 F. Supp. 2d 853, 862 (W.D. Mich. 2008) (applying three-year statute of limitations to Copyright Act and Digital Millennium Copyright Act claims).  "[T]he copyright statute of limitations starts to run when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights."  Gaiman v. McFarlane, 360 F.3d 644, 653 (7th Cir. 2004).

Meijer argues that Plaintiff has pleaded itself out of court on Counts II and VI by alleging that Meijer's purported infringement of the DOODLES magnets occurred in 2007 and that Plaintiff knew of this alleged infringement.  And, because the statute of limitations bar is apparent from the face of the Complaint, Plaintiff was required to plead any exception to the statute of limitations upon which it relied.  Meijer asserts that Plaintiff has not pleaded any exceptions to the statute of limitations.

Plaintiff argues that Meijer is equitably estopped from raising the statute of limitations and that Plaintiff has pleaded facts in support of equitable estoppel.  Pl.'s Opp. at 5, 9 (Sealed) (d/e 55). Plaintiff asserts that it reasonably refrained from pursuing its then-timely DOODLES magnet claims due to Meijer's conduct and representations in the Settlement Agreement—namely Meijer's promise to refrain from continued infringement and unauthorized use of Plaintiff's intellectual property.  Id. at 9, citing Am. Compl. ¶¶ 13, 18.  Plaintiff also requests leave to file an amended complaint if the factual basis in the First Amended Complaint is inadequate to support an estoppel theory.  Id. at 9 n.4.

As noted above, a statute of limitations defense may be resolved on a motion to dismiss when the complaint contains sufficient facts to establish that the action is barred by the applicable statute of limitations.  Lewis, 411 F.3d at 842.  The Court agrees with Meijer that the First Amended Complaint contains sufficient facts to show that the alleged infringement related to the DOODLES magnets occurred in 2007.  Applying the three-year statute of limitations, the statute of limitations on

Counts II and VI expired in 2010, well before Plaintiff's filing of this lawsuit in November 2015.

Therefore, the issue is whether the First Amended Complaint contains sufficient facts—or whether Plaintiff could plead sufficient facts in an amended pleading—to suggest that Meijer is equitably estopped from asserting a statute of limitations defense.[3]

A defendant is equitably estopped from asserting the expiration of the statute of limitations as a defense if the defendant took "active steps" to prevent or delay the plaintiff from bringing a timely lawsuit. Ashafa v. City of Chi., 146 F.3d 459, 462-63 (7th Cir. 1998); see also Shropshear v. Corp. Counsel of City of Chi., 275 F.3d 593, 598 (7th Cir. 2001) ("Any deliberate or otherwise blameworthy conduct by the defendant that causes the plaintiff to miss the statutory deadline can be the basis for a defense of equitable estoppel in federal limitations law"). The defendant does not have to intentionally mislead or deceive the plaintiff, or even intend to induce delay, so long as the plaintiff reasonably relied on

---

[3] Plaintiff includes additional facts in its response to the Motion and asks requests leave to amend if the allegations in the First Amended Complaint are insufficient. While leave to amend should be freely given, a district court may deny a request for leave to amend if amendment would be futile. Gandhi v. Sitara Capital Mgmt. LLC, 721 F.3d 865, 869 (7th Cir. 2013) (a district court may deny a request for leave to amend if the amendment would be futile).

the defendant's conduct or representations in forbearing suit.

Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1070-1071 (7th Cir. 1978) (noting that equitable estoppel is based on the principle that "no man will be permitted to profit from his own wrongdoing in a court of justice"); see also Theriot v. Captain James Sprinkle, Inc., 30 F. 3d 136 (7th Cir. 1994) (unpublished) (affirming dismissal of complaint as barred by the statute of limitations where the plaintiff failed to allege sufficient facts to establish equitable estoppel applied).  Examples of "active steps" include when the defendant promises the plaintiff that the defendant will not to plead the statute of limitations pending settlement talks or the defendant conceals from the plaintiff evidence the plaintiff needs to determine whether he has a claim.  Singletary v. Continental Ill. Nat'l Bank & Trust Co. of Chi., 9 F.3d 1236, 1241 (7th Cir. 1993); see also Cancer Found., Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 676 (7th Cir. 2009) ("Classic examples [of equitable estoppel] include hiding evidence, destroying evidence, or promising not to plead the statute of limitations"); Doe v. Blue Cross & Blue Shield United of Wis., 112 F. 3d 869, 876 (7th Cir. 1997) ("The most common example of equitable estoppel is where the defendant asks

the plaintiff to delay the filing of his suit pending negotiations aimed at resolving the parties' dispute out of court").

In this case, Plaintiff claims Meijer is equitably estopped from raising the statute of limitations defense because Meijer's "hollow promise in the parties' settlement agreement to refrain from continued infringement and unauthorized use of [Plaintiff's] intellectual property caused [Plaintiff] to withdraw its then timely suit against Meijer." Opp. at 9. Plaintiff also claims that it reasonably relied on Meijer's conduct and representation. Id.

The Court disagrees that Meijer is equitably estopped from asserting a statute of limitations defense. Meijer's actions regarding the Settlement Agreement are not the type of "active steps" contemplated by the equitable estoppel doctrine. Meijer in no way hid evidence or induced Plaintiff to miss the statutory deadline. The parties reached a mutually agreed Settlement Agreement, which extinguished any claims Plaintiff had regarding Meijer's alleged infringement of Plaintiff's DOODLES magnets and left Plaintiff only with a remedy for breach of contract. See, e.g., Wrightsell v. Cook Cnty., Ill., 599 F.3d 781, 784 (7th Cir. 2010) (noting that "in an ordinary civil settlement it is taken for granted

that the settlement extinguishes all rights to further prosecution of the suit").

In addition, the Court finds persuasive the reasoning in Pawlick v. Lawson Products, Inc., No. 12 C 3424, 2012 WL 5197553, at *3 (N.D. Ill. Oct. 19, 2012), which held that equitable estoppel was unavailable to a plaintiff seeking to revive a five-year-old discriminatory discharge claim where the defendant breached the terms of the settlement agreement surrounding the claim.  The Pawlick court found that, even if the defendant entered into the settlement agreement to prevent the plaintiff from suing but intended to dishonor the agreement when the limitation period ran, and even if such conduct could be "interpreted as the kind of 'active steps' a defendant might take to forestall an employment discrimination suit," the case differed from the typical case where equitable estoppel applies.  Id.  Specifically, in the typical case where equitable estoppel applies, the plaintiff has no remedy, whereas the Pawlick plaintiff could sue for breach of the agreement and, in fact, did so by bringing a state law contract claim.  Id. Therefore, the court found equitable estoppel unavailable to the

plaintiff and the discrimination claim was barred by the statute of limitations.  Id.

Similarly here, the parties reached a mutually agreed settlement resolving Plaintiff's DOODLES claim against Meijer. That Plaintiff now believes that Meijer has breached that agreement is a separate issue from whether Plaintiff can bring the DOODLES claim, which is now barred by the statute of limitations. Plaintiff's remedy is an action for breach of the agreement (provided such cause of action is not preempted, as discussed further below).  Consequently, Counts II and VI are barred by the statute of limitations.

Because the Court finds Counts II and VI are barred by the statute of limitations, the Court need not address Meijer's claim that Counts II and VI are barred by the release in the Settlement Agreement.

Meijer also seeks Rule 11 sanctions against Plaintiff, asserting that Plaintiff "pushed the bounds of Rule 11" by filing a time-barred claim.  Def. Mot. at 4.  Meijer's request for sanctions is denied for failure to comply with the procedural requirements of Rule 11.  See Corley v. Rosewood Care Ctr., Inc., 142 F.3d 1041,

1058 (7th Cir. 198) (finding that the district court abused its discretion by imposing Rule 11 sanctions where "neither the defendants nor the court complied with the rule's procedural requirements").  Specifically, Meijer failed to file a separate motion for sanctions and failed to afford Plaintiff the "safe harbor" within which the offending party can withdraw or correct the pleading. See Fed.R.Civ.P. 11(c)(2); Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi., 649 F.3d 539, 552 (7th Cir. 2011).  Because Meijer did not comply with the procedural requirements of Rule 11, the request for sanctions is denied.

**B.    Count X as Pleaded Is Not Preempted by the Copyright Act**

Meijer next argues that Count X—Plaintiff's state law breach of contract claim for the alleged breach of the 2007 Settlement Agreement—is preempted by the Copyright Act.

In Count X, Plaintiff alleges that Meijer, in the Settlement Agreement, agreed not to "purchase, order, create, manufacture, sell or distribute any other goods . . . containing any [Plaintiff] intellectual property or [iv.] use any [Plaintiff] intellectual property . . . except as provided herein."  First Am. Compl. ¶ 91 (quoting the

2007 Settlement Agreement).  Plaintiff alleges that Meijer breached the Settlement Agreement by its "unauthorized ordering, creating, manufacturing, selling and distributing of goods containing [Plaintiff's] intellectual property, specifically [Plaintiff's] SPARROW CLIPS design and SPARROW CLIPS mark, in violation of the express provisions of the 2007 Settlement Agreement."  Id. ¶ 92.

The Copyright Act preempts "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103[.]"[4]  Pursuant to ¶ 106, the owner of the copyright has the exclusive right to (1) reproduce the copyrighted work; (2) prepare derivative works based on the copyrighted work; (3) distribute copies of the copyrighted work; (4) perform the copyrighted work publicly; and (5) display the copyrighted work publicly.  17 U.S.C. § 106.  The purpose of preemption is to ensure that federal laws

---

[4] Section 102 lists "works of authorship" to include literary, musical, dramatic, choreographic, pictorial, audiovisual and architectural works, as well as sound recordings.  17 U.S.C. § 102.  Section 103 provides that the "subject matter of copyright as specified by section 102 includes compilations and derivative works," subject to certain exceptions.  17 U.S.C. § 103.

are not "removed or altered by state law" and ensure that "the states do not create rights that federal law does not recognize." BanxCorp v. Costco Wholesale Corp., 723 F. Supp. 2d 596, 616 (S.D.N.Y. 2010).

Two conditions must be met before a right under state law is preempted. Orioles, Inc. v. Major League Baseball Players Ass'n, 805 F.2d 663, 674 (7th Cir. 1986). "First, the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright" as specified in 17 U.S.C. § 102. Id. "Second, the right must be equivalent to any of the rights" specified in 17 U.S.C. § 106. Id. A right under state law is equivalent to a right within the general scope of copyright if the right "is infringed by the mere act of reproduction, performance, distribution, or display." Orioles, 805 F.2d at 677 (quotations and citations omitted).

The parties, in their briefs, focus on the second part of the test: whether Plaintiff's contract claim seeks to enforce a right equivalent to a right specified in § 106. Meijer argues that the breach of contract claim is preempted because the alleged breach of the 2007 Settlement Agreement is the copyright infringement of

the SPARROW CLIPS design and, therefore, the breach of contract claim is equivalent to a right within the scope of copyright.

Plaintiff argues that the alleged breach is based on conduct not within the exclusive rights enumerated in the Copyright Act and is not preempted.  Plaintiff argues that it seeks to enforce the terms of the parties' settlement, which involves "rights not equivalent to the right violated by defendant's willful knock-off of [Plaintiff's] Sparrow Clips and contains the essential 'additional element' of consideration."  Pl. Opp. at 16.

In the Settlement Agreement, Meijer agreed that:

it will not purchase, order, create, manufacture, sell or distribute any other goods identical or substantially the same as Design Ideas' (i) Mesh Products, (ii) DOODLES magnets, or (iii) containing any Design Ideas intellectual property, or (iv) use any Design Ideas intellectual property, the MESH TRADE DRESS or the STEPSORTER mark, except as provided herein.

Id. ¶ 2(b).  Meijer also made other promises pertaining to purchasing Design Ideas merchandise.  Id. ¶ 2(c)-(e).

Construing the First Amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff could have a breach of contract claim against Meijer that is not equivalent to a right within the general scope of copyright.  See, e.g., ProCD, Inc.

v. Zeidenberg, 86 F. 3d 1447, 1454-55 (7th Cir. 1996) (enforcement
of a shrinkwrap license was not equivalent to an exclusive right
within the general scope of copyright and noting that "courts
usually read preemption clauses to leave private contracts
unaffected"); Rand McNally & Co. v. Fleet Mgmt. Sys., Inc., 591 F.
Supp. 726, 739 (N.D. Ill. 1983) (noting that use of factual data
"may be clearly outside the subject matter of copyright").  The
Settlement Agreement contains promises by Meijer separate and
apart from the promise not to infringe Plaintiff's intellectual
property.  Therefore, Meijer's motion to dismiss Count X is denied
without prejudice.

## VI. CONCLUSION

For the reasons stated, Defendant Meijer, Inc.'s Partial
Motion to Dismiss First Amended Complaint (d/e 46) is GRANTED
IN PART and DENIED IN PART.  Counts II and VI are dismissed as
barred by the statute of limitations.  Meijer shall file an Amended
Answer that includes an answer to Count X (paragraphs 90-93 of
the First Amended Complaint) on or before May 23, 2016.

ENTER: May 9, 2016

FOR THE COURT:

                         <u>   s/Sue E. Myerscough </u>
                         SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE