IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DESIGN IDEAS, LTD., an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 15-cv-03093 |
| MEIJER, INC., a Michigan corporation; WHITMOR, INC., a Delaware corporation; and THE TJX COMPANIES, INC., a Delaware corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Defendants have filed a Joint Motion to Reconsider Summary Judgment Order (d/e 134). The Motion is GRANTED IN PART and DENIED IN PART. In light of the recent United States Supreme Court case, <u>Star Athletica, L.L.C. v. Varsity Brands, Inc.</u>, 137 S. Ct. 1002) (2017), the Court will reconsider the portion of its Opinion (d/e 115) granting partial summary judgment in favor of Plaintiff on Count I on the ground that Plaintiff has a valid

copyright. Upon reconsideration, the Court finds that partial summary judgment in favor of Plaintiff was properly granted.

## I. BACKGROUND

In this lawsuit, Plaintiff alleges, in part, that Defendants have infringed on Plaintiff's copyrighted product, Sparrow Clips. A Sparrow Clip is a clothespin with a silhouetted bird design on top. Plaintiff claims copyright only in the separate bird silhouette and the color selection shown in each set of Sparrow Clips.

Copyright protection subsists in original works of authorship fixed in any tangible medium, including pictorial, graphic, and sculptural works. 17 U.S.C. § 102(a)(5); 17 U.S.C. § 101 (defining pictorial, graphic, and sculptural works to include two- and three-dimensional works of fine, graphic, and applied art). Useful articles, defined as articles that have "an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information," are not entitled to copyright protection. See 17 U.S.C. § 101 (defining useful article). However, if a work is a useful article, it can still fall within the definition of "pictorial, graphic, and sculptural work" and be protected by copyright "if, and only to the extent that, such design incorporates pictorial,

graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." 17 U.S.C. § 101. Copyrightability is a question of law for the court. Schrock v. Learning Curve Int'l, Inc., 586 F.3d 513, 517 (7th Cir. 2009).

In May 2016, Plaintiff sought partial summary judgment on Count I, its copyright infringement claim, asserting that Plaintiff owned a valid copyright and Defendants infringed that copyright by producing and selling exact copies of Plaintiff's protected expression. Defendants sought partial summary judgment on Counts I and IV, asserting that Plaintiff could not prove the existence of a valid copyright because Sparrow Clips are not sufficiently creative to be copyrightable and are useful articles that are not subject to copyright protection.

In August 2016, this Court granted partial summary judgment in favor of Plaintiff on Count I. See Opinion (d/e 115). The Court found that the bird design was original. Id. at 31. In addition, the Court, applying the law in effect at that time, considered whether the design element—the bird portion of the Sparrow Clip—was physically or conceptually separable from the

utilitarian aspects of the work. Id. at 34. The Court found no genuine dispute that the Sparrow Clips, as a whole, are useful articles. The Court further found, however, that the bird design was both physically and conceptually separable from the utilitarian aspect of the work. Id. at 37-40.

In March 2017, the United States Supreme Court decided Star Athletica, L.L.C. v. Varsity Brands, Inc., 137 S. Ct. 1002 (2017). The Star Athletica Court examined whether two-dimensional designs appearing on the surface of cheerleading uniforms were entitled to copyright protection. See id. at 1007.

Recognizing the "widespread disagreement over the proper test for implementing § 101's separate-identification and independent-existence requirements," the Supreme Court articulated a two-part test for determining when a feature incorporated into the design of a useful article is eligible for copyright protection. Id. at 1007. In doing so, the Court abandoned the distinction between physical and conceptual separability that some courts (including this Court) had adopted. Id. at 1014. Specifically, the Supreme Court held that an artistic feature of a useful article's design is eligible for copyright

protection only if the artistic feature (1) can be perceived as a two- or three-dimensional work of art separate from the useful article (referred to as the separate identification requirement) and (2) would qualify as a protectable pictorial, graphic, or sculptural work—either on its own or fixed in some other tangible medium of expression—if it were imagined separately from the useful article into which it is incorporated (referred to as the independent-existence requirement). Id. at 1010.

Applying that test to the surface decorations on the cheerleading uniforms, the Supreme Court found the test satisfied. First, the Supreme Court found that the surface decorations had pictorial, graphic, or sculptural qualities. Star Athletica, 137 S. Ct. at 1012. Second, the Court found that if the "arrangement of colors, shapes, stripes, and chevrons on the surface of the cheerleading uniforms were separated from the uniform and applied to another medium . . . they would qualify as two-dimensional . . . works of . . . art." Id. (internal quotation marks omitted). Moreover, removing the surface decorations and applying them to a different medium did not replicate the uniform itself. Id.

Consequently, the Supreme Court found the decorations separable from the uniforms and eligible for copyright protection. Id.[1]

The Star Athletica Court rejected the petitioner's argument that the design feature must stand alone as a copyrightable work and that the useful article from which it was extracted must remain equally useful. Id. at 1013. The Court also rejected the petitioner's argument that the Court should incorporate two objective components into the test, namely why or how the article and design feature were designed and whether the design feature is marketable. Id. at 1015.

## II. ANALYSIS

Applying the Star Athletica test here, the Court again finds that the bird portion of the Sparrow Clips is subject to copyright protection. First, the bird portion can be perceived as a three-dimensional work of art separate from the useful article. One can identify the bird portion as having pictorial, graphic, or sculptural qualities.

---

[1] The Star Athletica Court did not hold that the surface decorations were copyrightable and expressed no opinion whether the surface decorations were sufficiently original to qualify for copyright protection. Star Athletica, 137 S. Ct. at 1012 n. 1. Moreover, the Court did not express an opinion on whether any other prerequisite of a valid copyright had been satisfied. Id.

Second, the bird portion would qualify as a protectable sculptural work on its own if it were imagined separately from the useful article into which it is incorporated. The bird portion would be eligible for copyright protection as a pictorial, graphic, or sculptural work had it been originally fixed in some tangible medium other than attached to the clothespin. See Star Athletica, 137 S. Ct. at 1011 ("The ultimate separability question, then, is whether the feature for which copyright protection is claimed would have been eligible for copyright protection as a pictorial, graphic, or sculptural work had it originally been fixed in some tangible medium other than a useful article before being applied to a useful article.").

Defendant argues, as it did on the original motion for summary judgment, that the bird portion itself has useful applications because the bird portion can hang from a rod or hang on a string by its beak. Def. Mot. at 8. Therefore, according to Defendants, the bird portion of the Sparrow Clip is not entitled to copyright protection because it is itself a useful article.

The Star Athletica Court noted that the design feature must qualify as a nonuseful pictorial, graphic, or sculptural work. Star

Athletica, 137 S. Ct. at 1013.  However, once the bird portion is removed from the clothespin, what is the usefulness of hanging the bird from a rod or hanging the bird on a string by its beak?  See 17 U.S.C. § 101 (defining "useful articles" as articles that have "an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information").  Moreover, "a sculpture does not become a useful article simply because it could be used as a doorstop or a paperweight."  Compendium of U.S. Copyright Office Practices, Third Edition § 924.1.

      Additionally, as the Star Athletica Court noted when discussing Mazer v. Stein, 347 U.S. 201, 214-18 (1954), the respondent in Mazer owned a copyright in the statuette even though the statuette was intended to be used as a lamp base and even if the statuette had been initially created as a lamp base. Star Athletica, 137 S. Ct. at 1011.  Similarly here, Plaintiff owns a copyright in the bird portion of the Sparrow Clips even if the bird portion was intended to be used to hang on a rod (or any of the other "useful" functions identified by Defendants) and even if it was initially created for that purpose.  The bird portion of the Sparrow Clips, when identified and imagined apart from the useful

article—the clothespin—qualifies as a sculptural work on its own. Therefore, even under the test articulated by <u>Star Athletica</u>, Plaintiff is entitled to partial summary judgment on Count I.

### III. CONCLUSION

For the reasons stated, Defendants' Joint Motion to Reconsider Summary Judgment Order (d/e 134) is GRANTED IN PART and DENIED IN PART. The Court reconsiders its Opinion (d/e 115) granting partial summary judgment in favor of Plaintiff on Count I but concludes that partial summary judgment was properly granted in favor of Plaintiff.

ENTER: June 20, 2017

FOR THE COURT:

<u>     s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE