E-FILED
Monday, 23 July, 2018 04:56:38 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **DESIGN IDEAS, LTD., an Illinois Corporation,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MEIJER, INC., a Michigan corporation; WHITMOR, INC., a Delaware corporation; and THE TJX COMPANIES, INC., a Delaware corporation,**<br><br>**Defendants.** | ) | **No. 15-cv-03093** |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge**

This cause is before the Court on Defendants Meijer, Inc. and Whitmor, Inc.'s Motion to Strike the Declaration of Garfield Goodrum (d/e 212). The Motion is GRANTED IN PART and DENIED IN PART. The Court denies as moot the Motion to Strike the portion of the Declaration relating to the chart of Digital Millennium Copyright Act (DMCA) violations. For purposes of the summary judgment pleadings, the Court takes judicial notice of the United States Patent and Trademark Office (PTO) documents at Exhibits 9

through 13 but STRIKES the factual assertions contained in paragraphs 11 through 24 of the Declaration.

## I. BACKGROUND

One of the attorneys representing Plaintiff in this litigation, Garfield Goodrum, filed a Declaration in support of Plaintiff's summary judgment pleadings (d/e 191). Goodrum's Declaration contains three sections with the following headings: (1) Chart of DMCA Violations; (2) Prosecution and Registration of SPARROWCLIPS, U.S. Reg. 5,040,924, Serial No. 86899130; and (3) PTO Registration of Word Marks for Products with Decorative Shapes.

In the section of the Declaration titled "Chart of DMCA Violations," Goodrum states that Exhibit 1 is a chart summarizing certain commercial documents produced by the parties in the action and certain deposition testimony from Defendants. The Chart purports to summarize information showing Defendants' distribution of its CANARY CLIPS. One column, titled "# of CMI Violations," contains 282 entries.[1]

---

[1] Plaintiff argues in its Motion for Summary Judgment that Meijer committed 400 DMCA violations and Whitmor committed 163 separate violations but did

In the second section, titled "Prosecution and Registration of SPARROWCLIPS, U.S. Reg. 5,040,924, Serial No. 86899130," Goodrum recites the prosecution and registration history of the SPARROWCLIPS mark with the PTO. Goodrum also makes factual assertions, such as identifying actions taken by the PTO examining attorney and asserting that the PTO accepted SPARROWCLIPS as inherently distinctive and never issued a registration refusal based on descriptiveness. <u>See</u>, <u>e.g.</u>, Decl. ¶¶ 14, 17, 18. Goodrum cites to the trademark application for SPARROWCLIPS (d/e 191-14), the prosecution history (d/e 191-15, 191-16), and the trademark registration (d/e 191-17) (Exs. 9-12).

In the third section of the Declaration, "PTO Registration of Word Marks for Products with Decorative Shapes," Goodrum identifies examples of PTO registration word marks for products with decorative shapes. Goodrum cites to examples of such trademarks and attaches copies of the registration certificates. <u>See</u> (d/e 191-18) (Ex. 13). He refers to the practice of registering word

---

not include this as an undisputed issues of material fact. Nor is this fact clear from the Chart.

marks for products with decorative shapes as "long-standing" and states that "the PTO has registered word trademarks arguably suggestive of the decorative shapes of products for which they are used, finding them inherently distinctive and granting registration on the U.S. Principal Register without Section 2(f) claims of acquired distinctiveness or disclaimers."  Decl. ¶ 24.

Defendants move to strike Goodrum's Declaration in its entirety.

## II. ANALYSIS

Defendants argue that, to the extent Goodrum is acting as a fact witness, his declaration is not based on personal knowledge and Goodrum was not disclosed in the Rule 26 disclosures.  Defendants further argue that, to the extent Goodrum is acting as an expert, he did not produce an expert report and Goodrum does not qualify as an expert under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993).  Defendants also express concern that Goodrum is the litigation counsel of record for Plaintiff and that, absent extraordinary circumstances or compelling reasons, an attorney who participates in a case should not serve as a witness.

Plaintiff responds that Defendants misconstrue Goodrum's Declaration. According to Plaintiff, Goodrum "merely provides the Court with a permissible summary of evidence as allowed under both Federal Rules of Evidence 1006 and 611(a)." Resp. at 8 (d/e 216) (pertaining to the "Chart of DMCA Violations"). Plaintiff further asserts that Goodrum's Declaration introduces true and correct copies of admissible evidence into the record. In the alternative, Plaintiff asks that the Court not strike the Declaration in its entirety and only strike those statements that may be construed as requiring personal knowledge or expertise. Resp. at 11, 12.

The Court denies as moot Defendants' motion to strike the section titled "Chart of DMCA Violations." Plaintiff uses this portion of the Declaration in its motion for summary judgment to support the statements that Meijer knowingly distributed CANARY CLIPS in over 200 retail stores and Whitmor knowingly distributed CANARY CLIPS to Meijer's stores and TJX in over 81 distributions with false copyright management information and without Plaintiffs correct copyright management information; . See Pl. SOF ¶¶ 52, 53 (d/e 190); see also Pl. Mot. at 103 (seeking summary judgment that

Whitmor violated the DMCA 163 times and Meijer violated the DMCA 400 times).

In an Opinion filed contemporaneously with this Opinion, the Court has found that disputed issues of material fact remain regarding liability on the DMCA claims. The Court did not need to address the portion of Plaintiff's motion for summary judgment seeking damages for the alleged DMCA violations. Therefore, the Court need not determine whether the section of the Goodrum Declaration pertaining to the number of DMCA violations should be struck. Defendants' motion to strike this portion of the Declaration is denied as moot.

The Court will address the second and third portions of Goodrum's Declaration together. Plaintiff asserts, in its response to Defendants' motion to strike, that the Declaration "simply introduces true and correct copies of admissible evidence into the record." Resp. at 2 (d/e 126). Taking Plaintiff at its word, that the intent was to introduce true and correct copies of admissible evidence into the record, the Court will take judicial notice of the PTO records. Maxberry v. ITT Tech. Inst., No. 1:13-CV-00409-SEB, 2015 WL 416495, at *4 (S.D. Ind. Jan. 30, 2015) (PTO records are

the proper subject of judicial notice); In re Unified Messaging Solutions, LLC Patent Litig., No. 12 C 6286, 2013 WL 5405698, at *1 n.4 (N.D. Ill. Sept. 25, 2013) (court judicially noticed website printouts recovered from the PTO), aff'd 708 F. App'x 1013 (Fed. Cir. 2017). The factual assertions, as opposed to the assertions that the documents are true and accurate copies, are unnecessary for the purpose of introducing that evidence into the record. Therefore, the Court STRIKES the factual assertions in paragraphs 10 through 24.

As a final note, Plaintiff is advised that, "[w]here evidence is easily available from other sources and absent extraordinary circumstances or compelling reasons, an attorney who participates in the case should not serve as a witness." Estremera v. United States, 442 F.3d 580, 584 (7th Cir. 2006) (internal quotation marks and citations omitted). Absent such a showing, the Court will not view favorably an attempt to offer Goodrum as a witness at trial, summary witness or otherwise, particularly where Goodrum was not disclosed as a witness during discovery.

## III. CONCLUSION

Defendant's Motion to Strike Declaration of Garfield Goodrum (d/e 212) is GRANTED IN PART and DENIED IN PART. The portion of the Declaration relating to the "Chart of DMCA Violations" is denied as moot. For purposes of summary judgment, the Court takes judicial notice of the PTO documents at Exhibits 9 through 13 of the Declaration. The Court STRIKES the factual assertions contained in paragraphs 11 through 24 of the Declaration.

**ENTERED: July 23, 2018**

**FOR THE COURT:**
                                         s/Sue E. Myerscough
                                         **SUE E. MYERSCOUGH**
                                         **UNITED STATES DISTRICT JUDGE**